**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| |
|---|
| IN RE APPLICATION OF LATVIA MGI TECH SIA ET AL FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 |

Case No.

CV-20   80152 MISC

NC

## DECLARATION OF JOSEPH MILOWIC III

Pursuant to 28 U.S.C. § 1746, I, Joseph Milowic III, declare as follows:

1.      I am an attorney duly admitted to practice in New York.  I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Petitioners in this matter.

2.      I respectfully submit this declaration in support of Latvia MGI Tech SIA ("Latvia MGI"), MGI Tech Co., Ltd. ("MGI Tech"), MGI International Sales Co., Ltd ("MGI International"), BGI Complete Genomics Hong Kong Co., Ltd. ("BGI Complete"), BGI-HongKong Co., Limited ("BGI-HongKong"), BGI Tech Solutions (HongKong) Co. ("BGI Tech"), BGI Health (HK) Company Limited ("BGI Health"), BGI Europe A/S ("BGI Europe"), Genoks Teknoloji Saghk Bilisim Turizm Hiz. Endiistriyel Makine Elektrik Elektronik Ithalat Ihracat San. Tic. Ltd. Sti. ("Genoks"), Labema Oy ("Labema"), Comercial Rafer, SL ("Rafer"), and Witec AG ("Witec") (collectively, "Petitioners")'s Application And Petition For An Order To Conduct Discovery For Use In Foreign Proceedings Pursuant To 28 U.S.C. § 1782 ("Application").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application and accompanying memorandum of law.

3.      Unless otherwise indicated, all facts set forth in this declaration are based upon: (a) my personal knowledge; (b) my review of relevant documents, including the proposed Subpoena;

and (c) information supplied to me by the Petitioners or their officers, directors, and employees, or professionals retained by them.

    4.    All exhibits attached hereto are true and accurate copies, or true and accurate excerpts of those copies.

    5.    Attached as <u>Exhibit 1</u> is a proposed order granting Petitioners' 1782 Application. Attached as <u>Exhibit 2</u> is a subpoena addressed to respondent Illumina, Inc. ("<u>Illumina</u>" or "<u>Respondent</u>").

## I.    <u>PARTIES</u>

    6.    ***Petitioners.*** Petitioners are subsidiaries, affiliates, and/or distributors of the BGI Group, one of the world's leading genome sequencing companies. BGI Group is headquartered in Shenzhen, Guangdong, China.[1] Petitioners are litigants (or putative litigants)[2] in the Foreign Proceedings.[3]

    7.    ***Illumina Inc.*** Illumina is a life science corporation which is incorporated in Delaware and which maintains its US manufacturing, research and development facility in Hayward, CA.[4] Illumina Inc. owns 100% of the stock in Illumina Cambridge Ltd ("<u>Illumina Cambridge</u>").[5] Illumina describes itself "[a]s a global company that places high value on collaborative interactions."[6] Illumina's Senior Vice President & General Manager also sits on the board of directors of Illumina Cambridge.[7]

---

[1] Ex. 3.
[2] For example, Illumina Cambridge has notified Petitioners that it intends to bring additional proceedings in Denmark. *See* Ex. 2.
[3] Capitalized terms not defined herein shall be defined as per Petitioners' Memorandum of Law in Support of the 1782 Application.
[4] Ex. 5.
[5] *See* Ex. 6.
[6] *See* Ex. 7.
[7] *See* Ex. 8; Ex. 9; Ex. 10.

## II.   ANTICIPATED FURTHER PROCEEDINGS

8.     On June 25, 2020, Counsel for Illumina Cambridge informed counsel for Petitioners' affiliates in the parallel Section 1782 proceeding brought by Illumina Cambridge in the Northern District of California [8] that Illumina Cambridge plans to initiate additional proceedings against BGI Europe before the Danish Maritime and Commercial Court in Denmark.[9]

9.     On July 30, 2020, Counsel for Illumina Cambridge informed counsel for Petitioners' affiliates in the parallel Section 1782 proceeding brought by Illumina Cambridge in the Northern District of California [10] that Illumina Cambridge plans to initiate additional proceedings against MGI International Sales Co., Ltd. and Witec AG in the Federal Patent Court in Switzerland.[11]

## III.   UNITED STATES PROCEEDINGS

10.     Within the United States, there are three cases pending between Petitioners' affiliates and Respondent and Illumina Cambridge.  The first U.S. case is in the United States District Court for the District of Delaware, where CGI asserted that Illumina willfully infringed the '132 US Patent.[12]  *See Complete Genomics, Inc. v. Illumina, Inc.*, No. 1:19-cv-00970-MN (D. Del.).   In response, Illumina and Illumina Cambridge have asserted patent infringement counterclaims against various BGI-related defendants.[13]

11.     The second U.S. case was filed by Illumina and Illumina Cambridge in the Northern District of California on June 27, 2019.  *See Illumina, Inc., et al. v. BGI Genomics Co., LTD.*, No. 3:19-cv-03770-WHO (N.D. Cal.).  Illumina asserts infringement of the '537 and '200 US Patents,

---

[8]  *See* Ex. 4; Ex. 11 at 3-4.
[9]  *See* Ex. 11 at 3-4.
[10]  *See* Ex. 12.
[11]  *See* Ex. 12; Ex. 11 at 3-4.
[12]  A CGI patent for improving the efficiency of DNA sequencing by reducing the number of signals required for nucleotide detection. Ex. 11.
[13]  Ex. 24.

which are related to certain of the EPs asserted in Germany, Switzerland and Denmark, but which do not share the same priority date or specification.[14] CGI filed a counterclaim against Illumina asserting infringement of the '984 US Patent, which is directed to high density arrays for efficient base calling in sequencing reactions.[15]

12.    The third U.S. case was filed by Illumina and Illumina Cambridge on February 27, 2020 in the Northern District of California. *See Illumina, Inc. et al. v. BGI Genomics Co., Ltd. et al.,* No. 3:20-cv-01465 (N.D. Cal.).  In the Second California Proceeding, Illumina asserts infringement of the '973, '444, and '025 US Patents.[16]

## IV.    THE ILLUMINA 1782 ACTION

13.    On September 6, 2019, Illumina Cambridge filed an *ex parte* application in the Northern District of California seeking leave to serve subpoenas on three of the BGI Petitioners' US affiliates (BGI Americas Corp, MGI Americas, Inc., and Complete Genomics, Inc.) pursuant to Section 1782 for use in the Swiss, Turkish, German, and Danish Proceedings. *See In re Application of Illumina Cambridge Ltd.,* No.3:19-80215-JSC (N.D. Cal.).[17] The court granted the application on November 7, 2019, and granted Illumina Cambridge leave to serve subpoenas.[18] Thereafter, the respondents in the Illumina 1782 Proceeding moved to vacate the court's order and to quash the subpoenas,[19] which motion the court denied in part on February 19, 2020.[20] The respondents in that action have therefore been complying with the document and testimony subpoenas, and producing the requested discovery.

---

[14] Ex. 14.
[15] Ex. 15.
[16] Ex. 16.
[17] Ex. 17.
[18] Ex. 18.
[19] Ex. 19.
[20] Ex. 20.

4

## V.   RESPONDENTS' REFUSAL TO ALLOW USE OF DOMESTIC DISCOVERY ABROAD

14.     On July 10, counsel for Petitioners requested that Illumina agree to allow the Notebooks[21] to be used in the Foreign Proceedings.[22]  Illumina refused that request, while acknowledging that the Notebooks would be properly sought via a Section 1782 application.  Ex. 22 (Illumina's counsel: "[W]e are not willing to link the issue of use of the lab notebooks to the issues we've raised . . . BGI entities litigating in Europe could have brought their own Section 1782 application long ago.").

15.     On August 31, 2020, counsel for Petitioners requested that Illumina agree to allow the Transcripts[23] to be used in the Foreign Proceedings.  At the time of this filing, counsel for Illumina have not responded to that request.[24]

16.     No prior application for similar relief has been made by Petitioners.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed in New York, NY on September 4, 2020.

/s/ Joseph Milowic III

Joseph Milowic III

---

[21]  Capitalized terms not defined herein shall be defined as per Petitioners' Memorandum of Law in Support of the 1782 Application.
[22]  Ex. 21-22.
[23]  Capitalized terms not defined herein shall be defined as per Petitioners' Memorandum of Law in Support of the 1782 Application.
[24]  Ex. 23.