DAVID BILSKER (Bar No. 152383)
davidbilsker@quinnemanuel.com
DAVID A. PERLSON (Bar No. 209502)
davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

ANNE S. TOKER (admitted pro hac vice)
annetoker@quinnemanuel.com
JOSEPH MILOWIC III (admitted *pro hac vice*)
josephmilowic@quinnemanuel.com
LUCAS BENTO (admitted *pro hac vice*)
lucasbento@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

*Attorneys for Petitioners*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF LATVIA MGI TECH SIA ET AL FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Case No. 5:20-mc-80152-WHO (TSH)<br><br>**PETITIONERS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS B AND F TO THE JOINT STATEMENT RE DISCOVERY DISPUTES** |

Pursuant to Civil Local Rules 7-11 and 79-5 and Judge Orrick's Standing Order on Administrative Motions to File Under Seal, Petitioners Latvia MGI Tech SIA, MGI Tech Co., Ltd., MGI International Sales Co., Ltd., BGI Complete Genomics Hong Kong Co., Ltd., BGI-HongKong Co., Limited, BGI Tech Solutions (HongKong) Co., BGI Europe A/S, BGI Health (HK) Company Limited, Genoks Teknoloji Saghk Bilisim Turizm Hiz. Endiistriyel Makine Elektrik Elektronik Ithalat Ihracat San. Tic. Ltd. Sti., Labema Oy, Comercial Rafer, SL, and Witec AG (collectively, "Petitioners") move to file under seal portions of Exhibits B and F to the Joint Statement regarding the parties' discovery disputes.  Petitioners have reviewed and complied with Judge Orrick's Standing Order on Administrative Motions to File Under Seal and Civil Local Rule 79-5.  Petitioners seek to seal the highlighted portions of the Exhibits.  Counsel for Respondent Illumina, Inc. does not oppose this motion.

The material to be sealed contains Petitioners' confidential information regarding their contracts and Petitioners request that this information be sealed pursuant to Civil Local Rule 79-5(d).  In making this request, Petitioners have carefully considered the legal standard and this Court's prior rulings and guidance in determining which information would be the subject of the present request to seal.  Petitioners make this request with the good faith belief that the information sought to be sealed consists of Petitioners' confidential information and that public disclosure could cause competitive harm.

Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents" and "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). However, courts also recognize that preventing the release of proprietary information and/or trade secrets is a compelling reason that would overcome this strong presumption. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption.").  The Ninth Circuit has confirmed that "ordinarily a party must show 'compelling reasons' to keep a court document under seal." *Ctr. for Auto Safety*, 809 F. 3d at 1095.  Quoting the Supreme Court's decision in *Nixon v. Warner Communications*, however, the Court has noted that

examples of what might constitute a compelling reason include "'sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting 435 U.S. 589, 598 (1978)).

As explained in the accompanying Perlson Declaration, the confidential information Petitioners seek to redact from the Exhibits should be sealed under the compelling reasons standard because it is comprised of "business information that might harm a litigant's competitive standing." *Id.* (quoting *Nixon*, 435 U.S. at 598). Specifically, this information relates to highly-confidential, non-public agreements. This information has independent economic value from its confidentiality because, *inter alia*, this information could be used by Petitioners' competitors to alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, undercut Petitioners' marketing and sales strategies, draw conclusions about the nature and size of Petitioners' investments in various markets, or otherwise unfairly compete with Petitioners. *See, e.g.*, *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-CV-02787-WHO, ECF No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have."). For the reasons set forth above, and as explained in the Perlson Declaration, Petitioners respectfully request that the Court grant this administrative motion to file under seal.

**PETITIONERS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

1  DATED:  January 27, 2021              QUINN EMANUEL URQUHART & SULLIVAN,
                                         LLP
2
                                         By:  _/s/ David A. Perlson_____
3                                              David Bilsker (Bar No. 152383)
                                               davidbilsker@quinnemanuel.com
4                                              David A. Perlson (Bar No. 209502)
                                               davidperlson@quinnemanuel.com
5                                              50 California Street, 22nd Floor
                                               San Francisco, California 94111
6                                              Telephone:     (415) 875-6600
                                               Facsimile:     (415) 875-6700
7

8                                              Anne S. Toker (admitted pro hac vice)
                                               annetoker@quinnemanuel.com
9                                              Joseph Milowic III (admitted *pro hac vice*)
                                               josephmilowic@quinnemanuel.com
10                                             Lucas Bento (admitted *pro hac vice*)
                                               lucasbento@quinnemanuel.com
11                                             51 Madison Avenue, 22nd Floor
                                               New York, NY 10010
12                                             Telephone:     (212) 849-7000
                                               Facsimile:     (212) 849-7100
13

14

15                                             *Attorneys for Petitioners*

16

17

18

19

20

21

22

23

24

25

26

27

28