January 27, 2021

**VIA ELECTRONIC FILING**

Honorable Thomas S. Hixson
United States District Court for the Northern District of California
San Francisco Courthouse
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In Re Application Of Latvia MGI Tech SIA et al For An Order To Take Discovery For Use In A Foreign Proceeding Pursuant To 28 U.S.C. § 1782*, Case No. 5:20-mc-80152-WHO

Dear Judge Hixson:

Pursuant to this Court's Discovery Standing Order, the undersigned counsel attest that the parties met and conferred in person in good faith in an attempt to resolve this discovery dispute prior to the filing of this joint letter brief and were unable to resolve this dispute. The filer obtained concurrence in the filing of this document from the other signatory.

By:  /s/ David A. Perlson

DAVID PERLSON (Bar No. 209502)
davidperlson@quinnemanuel.com
DAVID BILSKER (Bar No. 152383)
davidbilsker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

JOSEPH MILOWIC III (*pro hac vice*)
josephmilowic@quinnemanuel.com
LUCAS BENTO (*pro hac vice*)
lucasbento@quinnemanuel.com
COLIN STEELE (*pro hac vice forthcoming*)
colinsteele@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100
*Attorneys for Petitioners*

By: /s/ Theodore J. Folkman

THEODORE J. FOLKMAN (*pro hac vice*)
ted@folkman.law
FOLKMAN LLC
53 State Street, Suite 500
Boston, Massachusetts 02109
Telephone:   (617) 219-9664

DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94064
Telephone:   (650) 802-3000

*Counsel for Respondent*

**PETITIONERS' STATEMENT**

Petitioners (collectively referred to herein as "BGI") respectfully request an order compelling respondent Illumina Inc. ("Illumina") to fully comply with the October 7, 2020 Subpoena BGI served on Illumina (the "Subpoena") after this Court granted leave to serve it to seek evidence for use in Foreign Proceedings pursuant to 28 U.S.C §1782.[1]  The Subpoena seeks notebooks that document the work claimed in the Patents-At-Issue in the Foreign Proceedings ("Notebooks," *see* Ex. A at Request No. 2) and transcripts of existing depositions (as well as an upcoming deposition) of the named inventors of those patents ("Transcripts," *see id.*)—documents which have already been produced, or will shortly be produced, in parallel US Litigation Proceedings.  *See* Dkt. No. 2 at 12-13.  Through meet and confers, BGI and Illumina have come to substantial agreement on nearly all points concerning Illumina's compliance with the Subpoena.  *See* Exs. B, C, D.  There are no pending objections as to the proportionality or relevance of the Subpoena requests.  However, Illumina continues to refuse to move forward with production based on two unfounded contentions.

Illumina refuses to provide *any* discovery in response to the Subpoena unless Petitioners agree to produce reciprocal discovery.  However, courts, including in this District, deny such requests for reciprocal discovery that would not themselves be permitted under Section 1782.  The Court should do the same here.  Here, as further detailed below, Illumina's voluminous requests would be barred, for a host of reasons, were Illumina to initiate its own Section 1782 application against the Petitioners.  Further, Illumina's subsidiary, Illumina Cambridge, has already obtained discovery via its own Section 1782 action before this Court and twice modified the protective order in that action to add foreign proceedings in which it can use that discovery.[2]  In no event do Illumina's voluminous requests warrant their refusal to produce any discovery under Petitioners' Subpoena.

In addition to existing Transcripts, Petitioners' Subpoena seeks production of the transcript of an upcoming deposition of Mark Smith scheduled for February 10-11, 2021 in the parallel US Litigation Proceedings ("Smith Deposition").  Illumina argues that it need not commit to do this because it is not required to "create" documents in response to discovery requests.  But Petitioners are obviously not asking Illumina to *create* anything, but instead to be able to use a deposition transcript when it becomes available.  Because this transcript will be created for the parallel US Litigation Proceedings independent of Petitioner's 1782 discovery request, the burden on Illumina is minimal, if any, and compliance and timely supplementation thereof is consistent with the Federal Rules.  *See* Fed.R.Civ.P. 26(e).

Illumina Concedes That Section 1782's Statutory and Discretionary Factors Are Satisfied.  Illumina does not dispute that the Application satisfies the statutory requisites of Section 1782, or the discretionary factors set out in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).  Since there are no pending objections to the Application or to the proportionality and relevance of the Subpoena's requests, the Court should order compliance with the Subpoena.  Indeed, complying with the Subpoena would impose ***no*** burden on Illumina—Petitioners are simply requesting the Notebooks which have ***already been produced*** and transcripts of depositions ***which have been or which will be taken irrespective of this proceeding***.

---

[1] Capitalized terms not otherwise defined herein carry the same meaning set out in Petitioners' memorandum of law in support of their application (Dkt. No. 2).

[2] *See e.g. In re Application of Illumina Cambridge Ltd.*, Case No. 3:19-mc-80215-WHO (N.D. Cal.), Dkt. Nos. 81, 86.

Conditional, Reciprocal Discovery Is Not Warranted Here. Courts describe Section 1782 as "a one-way street" which "grants wide assistance to others, but demands nothing in return," *Application of Malev Hungarian Airlines*, 964 F.2d 97, 101 (2d Cir. 1992); *In re Imanagement Servs., Ltd.*, 2005 WL 1959702, at *6 (E.D.N.Y. Aug. 16, 2005) ("Grants of discovery under § 1782 are not contingent on the requesting party's acquiescence to reciprocal discovery."). To the extent it is allowed at all, a request for reciprocal discovery under Section 1782 may only be allowed where that request ***would itself satisfy the statute's requirements***. *See, e.g.*, *In re Republic of Ecuador*, 2011 WL 736868, at *10 (N.D. Cal. Feb. 22, 2011) ("[T]he wide ranging [reciprocal] discovery sought against the Applicants would appear to fail the crucible of § 1782, the normal basis for this Court's exercise of jurisdiction in aid of a foreign proceeding.").[3]

Tellingly, Illumina has made plain that its object here is to secure discovery that Illumina Cambridge has been unable to obtain in its own Section 1782 application—indeed Illumina's requests here primarily ask for documents responsive to the requests in that subpoena—despite acknowledging that neither Illumina nor Illumina Cambridge would be able to obtain discovery from the Petitioners through a separate Section 1782 application because none of the Petitioners "has any American presence or is 'found' in the United States for purposes of the statute". *See* Ex. B at 1; Ex. C. If Illumina believes there is discovery still to be produced in response to the subpoena in the Illumina Cambridge's 1782 action, then Illumina Cambridge should seek it there. It is not appropriate to attempt to shoehorn plainly affirmative discovery requests in the present action under the guise of "reciprocal" discovery. And contrary to Illumina's argument, whether the respondents in Illumina Cambridge's 1782 action have knowledge of desired facts in that action is irrelevant to whether reciprocal discovery is warranted here.

Additionally, Illumina has not, and indeed could not, identify any specific discovery it seeks in the United States, as would be required to obtain discovery under Section 1782. Rather, the allegedly "reciprocal" discovery Illumina is, essentially, the documentary discovery Illumina Cambridge has failed to secure via its own Section 1782 application, as well as 30(b)(6) depositions of numerous foreign entities. Since Petitioners have no presence in the United States (Dkt. No. 2 at 3), ***the discovery it seeks is held abroad***, which, again, is why Illumina Cambridge has been unable to secure it via its own 1782 application. *See* Ex. B, D-E. Illumina is effectively demanding that Petitioners agree to import that foreign discovery to the United States and produce it here, where Illumina will then turn around and export the discovery for use in the Foreign Proceedings. This is nonsensical. Were the Court to order production of this foreign discovery, Petitioners would need to, among other things, retain foreign counsel in each of the countries where the discovery is located to evaluate privilege, trade secret, and data protection issues pursuant to the laws of that country. Moreover, of all the Foreign Proceedings, Illumina is only a party to ***one***, the Danish Proceeding, and so would only be able to utilize the requested discovery in, at most, that one action. *See* 28 U.S.C. § 1782(a) (interested party e.g. foreign litigant in foreign proceeding must use evidence in that proceeding).

---

[3] *See also In re Application of Furstenberg Fin. SAS*, 334 F. Supp. 3d 616, 620 (S.D.N.Y. 2018), *aff'd sub nom. In re Furstenberg Fin. SAS*, 785 F. App'x 882 (2d Cir. 2019); *In re Imanagement*, 2005 WL 1959702, at *6; *In re Porsche Automobil Holding SE*, 2020 WL 814176, at *2 (D. Mass. Feb. 19, 2020); *In re Sampedro*, 2018 WL 5630586, at *6 (D. Conn. Oct. 30, 2018); *Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810, 819 (11th Cir. 2019) (denying request for reciprocal discovery where it "would do nothing but delay this proceeding").

<u>Supplemental Production of One Future Deposition Transcript Is Consistent with Section 1782 And The Federal Rules.</u>  Document Request No. 1 of the Subpoena essentially requests that Illumina agree to allow transcripts of future depositions taken in the US Litigation Proceedings to be used in the Foreign Proceedings.  Subpoena at Request No. 1; *id.*, at Instruction 14.  Illumina has refused to agree to this request to the extent those transcripts "do not exist" at this time.  But there is no question that the transcript of Smith Deposition, scheduled for January 20-21, 2021, is going to be generated within a matter of days in the US Litigation Proceedings.  Illumina only needs to permit that this transcript, when created, be used in the Foreign Proceedings. Illumina's position that it need not supplement its response to the subpoena in this way is incorrect and inconsistent with Fed.R.Civ.P. 26(e).[4]  Indeed, the practical consequence of Illumina's objection would require Petitioners to file a new Section 1782 application or request every time a new Transcript becomes available.  Such a requirement would be absurd and contrary to a fundamental aim of Section 1782.  *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("District courts utilize their discretion keeping in mind the 'twin aims' of § 1782: providing *efficient* assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.") (internal citation and quotation omitted). In any event, to the extent this Court deems Illumina has no obligation to supplement under Rule 26(e), Petitioners respectfully request that they be permitted to issue an additional Subpoena when the last transcript becomes available.  *See .e.g. In re Penner*, No. 17-CV-12136-IT, 2019 WL 8437196 (D. Mass. Mar. 14, 2019) (granting request to conduct supplemental discovery from respondent).

**RESPONDENT'S STATEMENT**

*1. Reciprocal Discovery*

The Supreme Court has noted that courts have the power to condition § 1782 discovery on the applicant's "reciprocal exchange of information." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 262 (2004). This case perfectly illustrates the need for such reciprocal discovery. Illumina has indeed obtained some discovery from the US-based respondents in Illumina Cambridge Ltd.'s § 1782 proceeding ("the First Case"). But BGI has arranged its global business so as to ensure that the US entities that are "found" in this district and thus subject to § 1782 have no discoverable information. Nor is there any real way to take the kind of discovery BGI seeks to take here, or that Illumina sought to take in the First Case, in the foreign jurisdictions at issue. As BGI told the Court (ECF 2 at 21:7-19), "there is no comparable pre-trial discovery mechanism by which Petitioners could in practice obtain the requested discovery in the Foreign Proceedings" in any of the relevant countries.

---

[4] The cases Illumina relied on in its objection letter are inapposite.  Both *Munive v. Town of Cicero,* 2016 U.S. Dist. LEXIS 182159 (N.D. Ill. Oct. 14, 2016) and *Alexander v. FBI,* 192 F.R.D. 37 (D.D.C. 2000) considered the issue of whether the *producing party* had an independent obligation to supplement upon learning that the earlier disclosure is incomplete or incorrect even if the discovering party did not make a request for supplementation.  Neither case held that the *discovering party* is *per se* barred from seeking discovery of documents scheduled to be generated where production of those documents places ***no*** additional burden on the subpoenaed party as is the case here.

To date, the only reason Illumina has been able to obtain any information about BGI's sales and dealings in several European jurisdictions is that the Court refused BGI's invitation to hold that a corporate transaction that made CGI, one of the US-based respondents in the First Case, from the corporate parent of MGI Tech into its corporate subsidiary after notice of the subpoena in the First Case, relieved CGI to produce documents that were in MGI Tech's possession at the time CGI became aware of the Illumina subpoena. All of the commercial documents produced, for example, came from MGI Tech, one of the applicants here, and yet the witness BGI provided to testify about commercial topics had no personal knowledge of any of her testimony, could not say whether *anyone* at the US entities had personal knowledge, and could not explain what MGI Tech had done to search for relevant information. (Hansen Dep. 19:9-18, 22:21-23:4, 25:19-26:3).[5] It is impossible, in two and a half pages, to catalogue the many, many things BGI's 30(b)(6) witness did not know about BGI's commercial activity in the relevant jurisdictions. Just to take a few examples relating to one of the jurisdictions, Switzerland: She did not know whether BGI or affiliates advertised or promoted products in Switzerland, or participated in trade shows or conventions. (Hansen Dep. 69:14-70:3). She did not know whether BGI had provided advertising materials to BGI's Swiss distributor. (*Id*. 70:4-19). She did not know who imported BGI's infringing products into Switzerland. (*Id*. 50:16-18). She did not know whether people identified as salespeople on MGI Tech documents produced in discovery were, in fact, salespeople. (Id. 97:8-21). She could not say anything about Chinese-language documents that BGI produced, even after discussing them with her counsel. (*Id*. 60:5-61:1). She was only able to say that CGI, the American entity on whose behalf she was testifying, had produced information about all transactions in Switzerland because MGI Tech said so. (*Id*. 47:20-49:13). In short, it is absurd to say that the discovery to date is good enough, even if the point is limited to the jurisdictions on which Illumina obtained discovery (Switzerland, Denmark, Turkey, and Germany). There are now several new actions in new jurisdictions (Sweden, France, Belgium, Spain, Italy, Finland, and Hong Kong) for which BGI seeks discovery and Illumina seeks reciprocal discovery, and BGI's arguments that the less than fulsome discovery taken to date is enough have no applicability as to those jurisdictions. To accept BGI's argument would be to say that BGI gets to take discovery from Illumina for use in the new cases, but if Illumina wants discovery on BGI's activities in those jurisdictions, it must file a new § 1782 application, and then, it will only be able to obtain discovery from the US entities that almost certainly have no discoverable information.

The unfairness of BGI's approach is particularly stark in light of the great discrepancy between what it seeks and what it has provided to date. BGI provided two witnesses for depositions and produced on the order of 2,000 pages of documents. In its own application, it is seeking lab notebooks with roughly *30,000* pages and transcripts of at least six depositions. That is the kind of asymmetry that reciprocal discovery can and should remedy.

BGI's argument that reciprocal discovery is inappropriate if the respondent could not obtain the evidence it seeks through its own § 1782 action turns the concept of reciprocal discovery on its head. The need for reciprocal discovery exists mainly, if not exclusively, in cases like this one, where a respondent cannot obtain discovery via a § 1782 proceeding because the applicant that seeks to take advantage of US discovery laws is not itself found in the United States and cannot be the subject of a US discovery application under the statute. While courts find that "in some cases denial of reciprocal discovery [is] appropriate where the respondent would have been able to initiate its own Section 1782 proceeding," they approve reciprocal discovery request when "the

---

[5] Excerpts of the Hansen Deposition are attached as Exhibit F.

respondent could not initiate its own Section 1782 action because the applicant was not 'found in any district in the United States.'" Lucas V.M. Bento, *The Globalization of Discovery: The Law and Practice under 28 U.S.C. § 1782* § 12.02[E] (2020). (discussing *In re Application of Consorcio Minero, S.A.*, 2012 WL 1059916, at *4 (S.D.N.Y. Mar. 29, 2012) (granting reciprocal discovery to respondent where applicant was "not found in any district in the United States" and not subject to § 1782)).

The Court has already rejected BGI's argument that § 1782 does not reach documents located abroad by ordering CGI to produce documents located in China. All of the appellate authority on the issue rejects BGI's argument, too. *See In re Del Valle Ruiz,* 939 F.3d 520, 533 (2d Cir. 2019); *Sergeeva v. Tripleton Int'l Ltd.,* 834 F.3d 1194, 1199-1200 (11th Cir. 2016). *See also* Bento, *supra* § 11.06[B][1].

BGI's observation that Illumina itself is a party to only one of the foreign proceedings is yet another instance of BGI's reliance on corporate form over function and good sense. Illumina is, as BGI admits, a party to one of the foreign cases, and there is no reason why a court would or should deny leave for Illumina's affiliates to use the information in other related proceedings. *See, e.g., In re Application of Accent Delight Int'l, Ltd.,* 2018 U.S. Dist. LEXIS 97673, at *6-7 (S.D.N.Y. Jun. 11, 2018). In any event, Illumina Inc. is the corporate parent of the Illumina-affiliated litigants in the foreign proceedings, and it is therefore an "interested person" that could have brought a § 1782 proceeding to obtain the evidence it seeks here for use in those cases. *See In re Application of Oxus Gold plc,* 2006 WL 2927615, at *7 (D.N.J. Oct. 11, 2006). But Illumina does not need to show that it is an interested person that could have brought a § 1782 action, because it has not and cannot bring such an action to seek evidence from entities not found in the United States, and the technical limitations of § 1782 do not apply to this Court's decision whether to allow reciprocal discovery to ensure fairness. "Substantively, so long as the district court fashions its order in accordance with the 'twin aims' of § 1782, 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts,' … it acts within its discretion." *In re Sampedro,* 2019 WL 101902, at *1 (D. Conn. Jan. 3, 2019) (quoting *In re Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir. 1992)).

2.  *Future Deposition Transcripts.* Illumina expects that it would agree to produce transcripts of future depositions without requiring another subpoena or another § 1782 application. However, no party should be put in the position of agreeing, in advance, to produce evidence that does not exist, without having an opportunity to review it and make whatever objections are appropriate. A subpoena imposes no obligation to produce documents that do not exist. *See Insituform Techs. v. Cat. Contr.,* 16 F.R.D. 630, 633 (N.D. Ill. 1996). The two cases BGI cites in footnote 3, *supra,* stand for the proposition that the producing party, here Illumina, does not have a continuing obligation of disclosure, as BGI's footnote seems to acknowledge.

3.  *Proposed Decision.* As the correspondence attached as exhibits shows, the parties' discussions have focused on whether reciprocal discovery should occur, and not on the form of an order should the court require reciprocal discovery. If the Court does require reciprocal discovery, Illumina suggests that the parties should meet and confer on the form of an order and seek guidance from the Court if they cannot agree.