# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| LATVIA MGI TECH SIA ET AL | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:20-mc-80152-WHO |
| ILLUMINA, INC. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ILLUMINA, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment B

| Place: Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | Date and Time:<br>10/23/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          /s/ David Bilsker
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Petitioners
David Bilsker, Quinn Emanuel Urquhart & Sullivan, LLP , who issues or requests this subpoena, are:
50 California Street, 22nd Floor, San Francisco, CA 94111; davidbilsker@quinnemanuel.com; (415) 875-6600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.     5:20-mc-80152-WHO

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF LATVIA MGI TECH SIA ET AL FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Case No. _____ |

**ATTACHMENT B**

The United States District Court for the Northern District of California has authorized Petitioners to serve this subpoena upon you in support of (i) foreign actions brought by you and your affiliates asserting patent infringement and other claims and (ii) foreign nullity proceedings challenging the validity and/or enforceability of those patents and/or claims brought by the Petitioners.

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1.**

All deposition transcripts of any named inventor in any proceeding regarding United States patents claiming azidomethyl as a 3' blocking agent or related to the Asserted Illumina Patents, including but not limited to:

    a. The transcript from the deposition of Colin Barnes, taken January 6, 2011 in *Life Techs. Corp. v. Illumina, Inc.*, No. 09-706 (D. Del.) and all exhibits thereto;

1

b. The transcript from the deposition of Colin Barnes, taken March 13, 2013 in *Illumina Inc., et al v. Complete Genomics Inc., et al.*, No. 3:12-cv-01465 (S.D. Cal.) and all exhibits thereto;

c. The transcript from the deposition of Xiaohai Liu, taken March 20, 2013 in *The Trustees of Columbia University et al v. Illumina Inc., et al*, No. 12-376 (D. Del.) and all exhibits thereto;

d. The transcript from the deposition of Xiaohai Liu, taken August 20, 2020 in the First California Proceeding and the Second California Proceeding and all exhibits thereto;

e. The transcripts of any future depositions of Shankar Balasubramanian, Colin Barnes, Joseph Brennan, John Milton, Silke Ruediger, Mark Smith, Harold Swerdlow, or Xiaolin Wu which relate to the Asserted Illumina Patents or any other patents claiming azidomethyl as a 3' blocking agent, and all exhibits thereto, including but not limited to any depositions of those individuals in the First California Proceeding, the Second California Proceeding, or the Delaware Proceeding; and

f. Any other deposition transcripts, and all exhibits thereto, that have been produced or are due to be produced by Illumina in pending or future depositions in the First California Proceeding, the Second California Proceeding, or the Delaware Proceeding.

**DOCUMENT REQUEST NO. 2.**

All Documents, Communications, and things reflecting, referring to, or relating to the conception and reduction to practice of the inventions claimed in the Asserted Illumina Patents

that have been produced or are due to be produced by Illumina in the First California Proceeding, the Second California Proceeding, or the Delaware Proceeding, including but not limited to laboratory notebooks, inventor notebooks, experimental data, research summaries, memoranda, presentations, business plans, correspondence, meeting minutes, invention disclosures, computer data, internal invention notices, as well as the first written description or disclosure of such subject matter. For the avoidance of doubt, this includes, but is not limited to:

   a. Any documents produced in the First California Proceeding, the Second California Proceeding, or the Delaware Proceeding, identifying the experiments described in [0154]-[0161] of EP '578, and any records of the experiments shown in Figures 5-7 and referred to in the corresponding Figure legends in [0048] of EP '578 which correspond to Figures 5-7 of United States Patent Nos. 7,771,973 and 7,541,444 which are the subject of Case No. in the action pending between Illumina and BGI in the Northern District of California;

   b. Any records of the experiments described in the documents D28-D30, which were relied upon by Illumina Cambridge in the EPO Opposition Proceedings relating to EP '578.

**INSTRUCTIONS**

1. Each Request extends to all Documents in your possession, custody, or control or in the possession, custody, or control of anyone acting on your behalf. A Document is in your possession, custody, or control if it is in your physical custody or if it is in the physical custody of any person or entity and you (i) own such Document in whole or in part; (ii) have a right (by contract, statute, or otherwise) to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that you may

3

use, inspect, examine, or copy such Document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when you sought to do so.

2. If you know the location of any requested Document and do not produce the Document on the ground that the Document is not in your possession, custody, or control, you shall identify the Document and identify the person who you believe has possession, custody, or control of the Document.

3. If you are unaware of the existence of any Documents responsive to a particular Request, your response should expressly indicate so.

4. The original of each Document requested herein shall be produced together with any drafts, revisions, or copies of the same that bear any mark or notation not present in the original or that otherwise differ from the original.

5. All Documents shall be produced in their entirety without redaction (other than redactions for privilege) and should include all attachments and enclosures. Documents that are attached to each other or are in the same family should not be separated.

6. You must state whether you will produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the Request.

7. The response to each Request shall state, with respect to each item or category, that production will be made or inspection will be permitted as requested, unless the Request is objected to, in which event the reason(s) for objection shall be stated. If objection is made to part of a Request, the part shall be specified; Documents responsive to the remainder of the Request shall be produced. Any such objection shall not extend the time within which you must otherwise respond to a Request to which no specific objection has

4

been made.

8. With respect to any Documents or information withheld on a claim of attorney-client privilege, the work product doctrine, or any other applicable privilege, you shall provide an express statement of the asserted privilege that includes the following information: (i) the applicable date; (ii) the identity of the author(s), including (but not limited to) the business or legal title(s) or position(s); (iii) the identity of the recipient(s), including (but not limited to) business or legal title(s) or position(s); (iv) the subject matter of the Document; (v) the identity of all other persons who received copies; and (vi) the specific factual basis of the claimed privilege or other protection from discovery.

9. The use of the singular form of a noun includes the plural form, and vice versa.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

11. The terms "each," "any," and "all" shall be construed to mean "each and every."

12. Each Request shall operate and be construed independently and, unless otherwise stated, no request limits the scope of any other Request.

13. In responding to any of these Requests, if you encounter any ambiguity in construing either the Requests or a definition or instruction, set forth the mattered deemed ambiguous and the construction used in answering the Request. These requests are to be liberally construed, and you should resolve any doubts about whether a Document is responsive to these Requests in favor of production.

14. These Requests shall be deemed continuing in nature, and supplemental responses and Document production are required if You, directly or indirectly, obtain further

information after its initial responses and Document production.

15. Unless the Request explicitly states otherwise, the date range for each Request shall be the period beginning January 2013, and continuing through the present.

**DEFINITIONS**

16. **"Asserted Illumina Patents"** means the following European, Turkish, and UK patents:

   I. European Patents ("EPs")

      A. EP 1 530 578 ("EP '578")

      B. EP 3 002 289 ("EP '289")

      C. EP 1 828 412 ("EP '412")

      D. EP 2 021 415 ("EP '415")

      E. EP 3 578 433 ("EP '433")

      F. EP 3363809 B1 (the "EP '809")

   II. Turkish Patents

      A. TP 2018 04580 ("TP '4580")

   III. UK Patents

      A. EP (UK) 1 664 287 B1 ("EP '287")

   IV. Hong Kong Patents

      A. Hong Kong Standard Patent HK1253509 ("'HK 509")

17. **"Communication"** means any conveyance of information by any means, including but not limited to in writing, via email, via instant messaging software, or via telephone. Where a Communication is via telephone, you should produce Documents such as telephone records sufficient to show the occurrence of the Communication.

6

18. **"Delaware Proceeding"** shall mean *Complete Genomics, Inc. v. Illumina, Inc.*, No. 1:19-cv-00970-MN (D. Del.)

19. **"Document"** shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and in particular includes (but is not limited to) every writing or record of every type and description, including letters, correspondence, diaries, transcripts, notebooks, memoranda, tapes, electronic data or storage, stenographic or handwritten notes, studies, publications, books, data, pamphlets, pictures, films, video recordings, reports, financial statements, ledgers, applications, emails, instant messages, text messages, or however produced or reproduced, in your possession, custody, or control. "Document" also includes all copies and drafts of every writing or record when the copy or draft is not identical to the original. "Document" includes electronically-stored information.

20. **"EPO Opposition Proceedings"** shall mean the various proceedings initiated by certain of the Petitioners before the European Patent Office challenging the validity of the Asserted Illumina Patents.

21. **"First California Proceeding"** shall mean *Illumina, Inc., et al. v. BGI Genomics Co., LTD.*, No. 3:19-cv-03770-WHO (N.D. Cal.).

22. **"Illumina Cambridge"** shall mean Illumina Cambridge Ltd., its respective principals, affiliates, agents, employees, officers, directors, members, partners, owners, attorneys, advisors, accountants, contractors, subsidiaries, parents, or any other person acting on their behalf, under their direction, at their behest, for their benefit, or under their control.

23. **"Petitioners"** shall mean Latvia MGI Tech SIA; MGI Tech Co., Ltd.; MGI International Sales Co., Ltd.; BGI Complete Genomics Hong Kong Co., Ltd.; BGI-HongKong Co.,

Limited; BGI Tech Solutions (HongKong) Co.; BGI Health (HK) Company Limited; Genoks Teknoloji Saghk Bilisim Turizm Hiz. Endiistriyel Makine Elektrik Elektronik Ithalat Ihracat San. Tic. Ltd. Sti.; Labema Oy; Comercial Rafer, SL; BGI Europe A/S, and Witec AG along with their respective principals, affiliates, agents, employees, officers, directors, members, partners, owners, attorneys, advisors, accountants, contractors, subsidiaries, parents, or any other person acting on their behalf, under their direction, at their behest, for their benefit, or under their control.

24. **"Second California Proceeding"** shall mean *Illumina, Inc. et al. v. BGI Genomics Co., Ltd. et al.*, No. 3:20-cv-01465 (N.D. Cal.).