# Exhibit C

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, Floor 22, New York NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7552**

WRITER'S EMAIL ADDRESS
**lucasbento@quinnemanuel.com**

**VIA EMAIL**

November 19, 2020

Ted Folkman
Folkman LLC
53 State Street, Suite 500,
Boston, MA 02109 USA
ted@folkman.law

Re:     *In re Application of Latvia MGI Tech SIA et al*, 5:20-mc-80152-WHO

Dear Ted:

We write in response to your letter dated October 21, 2020 in which you set out Illumina's objections to the subpoena served in the above-captioned matter.

## 1. Reciprocal Discovery is Not Justified

Respondent's request for reciprocal discovery is unjustified and unreasonable. As you rightly note, "Illumina Cambridge did seek and obtain discovery from three BGI-related entities that *were* found in the United States, Complete Genomics, Inc. ("CGI"), BGI Americas Corp., and MGI Americas, Inc." Respondent's October 21, 2020 Letter, at 1. Through its own 1782 action, Illumina Cambridge took depositions and obtained documents related to the proceedings it initiated against Petitioners.

Respondent's attempt to shoehorn additional discovery requests for production of foreign documents from Petitioners—entities not located in the United States—is unreasonable. In addition to lacking any statutory footing, such an exercise would be antithetical to the twin aims of Section 1782 because it would, inter alia, protract discovery and delay Petitioners' streamlined request for information which has *already* been (or will soon be) produced in parallel litigation in the United States. It would also be contrary to well-established law which holds that reciprocal discovery is not available where, inter alia, the respondent is not a party to the foreign proceedings. Further, reciprocal discovery would be extremely burdensome to Petitioners as they would need

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

to engage foreign counsel and translators to review and translate information as well as assess the implications of various foreign disclosure and data protection laws and regulations.[1]

Unlike Respondent's attempt to have an additional bite at the apple after already obtaining discovery in parallel Section 1782 proceedings,[2] Petitioners merely seek to obtain discovery that has already been produced (or will soon be produced) in existing US litigation.

Accordingly, Petitioners request that Respondent withdraw this objection.[3]

**2. The Application Does Not Circumvent Any UK Policy**

Respondent fails to identify any basis to suggest that Petitioners' Application seeks to circumvent any law or policy of the United Kingdom. As Respondent's letter notes and concedes, Petitioners never actually requested extended disclosure in the UK proceeding and it is unclear how, even if they did, the Application would circumvent proof-gathering restrictions in that jurisdiction. As explained in the Declaration of Mark Ridgway, Petitioners did not seek disclosure in the United Kingdom because of the expedited nature of the proceedings, which would have limited, as a practical matter, the availability of disclosure in the English proceeding. Declaration of Mark Ridgway,¶¶26-29 (ECF No. 15).

While there is no circumvention of UK law or policy, and in light of the trial having commenced, we will withdraw our discovery request as to the UK Proceedings for the sole purpose of narrowing the issues in the hope the parties can achieve a negotiated resolution in this matter and avoid motion practice.

---

[1] Indeed, and as an example, producing and importing information *from* Europe and other parts of the world into the United States would implicate a range of foreign laws, rules, and regulations, including privilege and blocking statutes, that would render any discovery exercise extremely burdensome, if not legally impossible, for Petitioners.

[2] *See e.g. In re Republic of Ecuador*, No. C-10-80225 MISC CRB, 2011 WL 736868, at *10 (N.D. Cal. Feb. 22, 2011) (denying reciprocal discovery from respondent who had already received "discovery via § 1782 in other proceedings").

[3] Respondent's October 21 letter also appears to protest that Petitioners' subpoena "calls for information concerning several more countries than Illumina Cambridge's subpoena addressed or was able to address." Resp. Ltr. at 2. Respondent then argues that it "should have the opportunity to seek discovery relevant to those countries, and it has not had that opportunity to date." *Id.* However, these protestations are unfounded for two reasons. First, Illumina Cambridge—who through their own actions initiated the various foreign proceedings at issue here—has already modified the protective order in its own Section 1782 action to expand the foreign proceedings in which it can use 1782 evidence. Second, Illumina is not a party to all but one of the foreign proceedings, and thus would not be able to "use" any information obtained through any reciprocal discovery.

### 3. There Is No Undue Burden

As EP' 287 and EP' 415 are only at issue in the UK Proceedings, and for the sole purpose of narrowing the issues between the parties, we will also withdraw our request for information concerning EP' 287 and EP '415.

### 4. Petitioners Are Willing to Consider a Protective Order

As Petitioners noted in their Application, Petitioners are willing to discuss a suitable protective order to address Respondent's concerns. *See* ECF No. 2 at 24. Petitioners respectfully request that by November 30, 2020 you propose a suitable protective order for our review.

### 5. Information Already Exists And Production Would Promote Twin Aims Of Section 1782

Instruction 14 states that the "Requests shall be deemed continuing in nature". It would be highly inefficient—and thus contrary to one of the twin aims of Section 1782—for Petitioners to renew their application each time a responsive document becomes available. This is particularly so here where the knowledge which would form the basis of the transcripts already exists and will be produced as a matter of course in parallel proceedings. Unlike the cases Respondent cites in its letter, there is nothing new to "create" or "prepare" here.[4] Further, the legal, operational, and economic burden on Respondent is minimal, if not non-existent, as the information sought in the 1782 Subpoena will in any event need to be produced in the US litigations.

Petitioners therefore respectfully request that Respondent withdraw this objection.

### 6. The Document Requests Are Not Overbroad

This objection is a non-issue as Petitioners are only seeking documents that have already been (or will soon be) produced in parallel US actions. Thus, there will be no need to duplicate any redactions effort as Petitioners only plan to use the documents in whatever form they are produced in the US litigations.[5]

### 7. The Instructions Are Reasonable

While Instructions 2 and 3 are standard-form instructions for any Rule 45 Subpoena, Petitioners are willing to withdraw these in the interests of narrowing the issues.

With respect to Instruction 6, Respondent's duty is consistent with FRCP 45(e)(1)(A): "A person responding to a subpoena to produce documents must produce them as they are kept in the

---

[4] *See e.g. Insituform Techs., Inc. v. Cat Contracting, Inc.,* 168 F.R.D. 630, 633 (N.D. Ill. 1996) (Rule 45 "does not contemplate that a non-party will be forced *to create* documents that do not exist") (emphasis added).
[5] Petitioners do not waive any rights with respect to objecting to any assertion of privilege, trade secret, or non-responsiveness of any document.

3

ordinary course of business or must organize and label them to correspond to the categories in the demand." Instruction 7 is consistent with the approach Respondent has taken in objection 6, and provides an efficient mechanism to narrow the scope of issues in any motion to compel and/or additional relief.

Finally, Instruction 14 is proper for the reasons given above.

**Next Steps**

In light of the foregoing, Petitioners therefore respectfully request that Respondent withdraw Objections 1, 5, 6 and 7 (as it pertains to Instructions 6, 7 and 14). As noted above, with respect to Objection 4, Petitioners are willing to consider a suitable protective order. We kindly request that you send us a draft protective order by November 30, 2020 for Petitioners' review.

We are available to meet and confer on these issues early next week in order to resolve them and avoid motion practice.

All of Petitioners' rights are reserved.

Very truly yours,

/s/ Lucas Bento

Lucas Bento