# Exhibit D

# Lucas Bento

| | |
|---|---|
| **From:** | Theodore Folkman <ted@folkman.law> |
| **Sent:** | Friday, December 4, 2020 6:50 PM |
| **To:** | Lucas Bento |
| **Subject:** | 1782 |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

**[EXTERNAL EMAIL]**

Dear Lucas,

I'm writing to follow up on our discussion regarding Illumina's objections to your clients' subpoena.

1. We will have to agree to disagree on reciprocal discovery. I understand from our discussion that your clients are unwilling to agree to provide it.

2 and 3. I appreciate your clients' willingness to limit the subpoena to withdraw the subpoena to the extent it relates to the English proceeding.

4. As I suggested on the phone, my client is willing to enter into a protective order that is substantively similar to the order in Illumina's 1782 proceeding, but that adds the proceedings relevant to your clients' subpoena to the definition of paragraph 2.8 and that makes the other necessary edits (e.g., properly identifying the applicants and respondent in paragraph 1, modifying the caption, etc.). I' d appreciate it if you'd make a proposal on this.

5. My client is unwilling to waive the objection to production of materials that don't yet exist. That is not to say that at the end of the day it will necessarily be unwilling to producing future documents by agreement; but it is unreasonable to ask Illumina to agree in advance to production of documents that it cannot possibly yet have reviewed.

6. My client is willing to waive its overbreadth objection provided your clients agree that Illumina may redact sensitive material not relevant to the foreign proceedings. At the hearing of Feb. 13, 2020, the court explained that it typically does not regard a two-tier protective order such as the order already in place in Illumina's 1782 as sufficient to protect trade secrets that are not relevant to the case (pp. 35-36). If we cannot reach agreement on this, then Illumina would propose to address the issue via an in camera submission that provides a sample of the material in question, as the judge suggested at that hearing (pp. 30-31). We understand that all of the material has been produced without such redactions in the US case, but some of the material is sufficiently sensitive that Illumina, while it was willing to produce it on an attorneys-eyes only basis to Arnold & Porter and Quinn Emanuel, is unwilling to produce it to foreign counsel of record, particularly counsel of record to non-BGI parties.

7. My client is willing to waive all objections to instructions except with respect to documents not yet in existence.

Please let me know where you think things stand—should we have a second call? Or do you think the next step is for you to send me your arguments so we can put the issues before the court?

Best,

Ted

**Theodore J. Folkman**
**FOLKMAN LLC**
53 State Street, Suite 500
Boston, MA 02109 USA
Tel. +1 (617) 219-9664
[www.folkman.law](http://www.folkman.law)

This email message contain information that may be confidential or may be protected by the attorney/client privilege or another privilege. It is meant only for the intended recipient. If you have received the email in error, please notify me by replying to this message and delete the message. Email is, in general, an insecure method of communication. If you need to communicate with the sender in a secure way, please contact the sender to make arrangements. Nothing in this email is intended to constitute an electronic signature under the Electronic Signatures in Global and National Commerce Act or the Massachusetts Uniform Electronic Transactions Act or any similar law, unless the email expressly states otherwise.