UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF LATVIA MGI TECH SIA, et al.,<br><br>Petitioners. | Case No.  20-mc-80152-WHO   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 40, 41 |

This miscellaneous action is a new step in the discovery battles between Illumina Cambridge and its global adversaries, the BGI entities. The reader may recall that in 19-mc-80215, Illumina obtained an order under 28 U.S.C. § 1782 allowing it to serve subpoenas on U.S.-based BGI entities that were found in this District. The Court for the most part enforced the subpoenas. 19-mc-80215, ECF No. 42. Illumina ran into the problem, however, that a lot of the information it was hoping to get out of the subpoenas simply wasn't in the possession, custody or control of the U.S.-based BGI entities.

Separately, in U.S. patent infringement actions (including two pending in this District, 19-cv-3770 and 20-cv-1465), Illumina produced to BGI Defendants notebooks that document the work claimed in the patents-in-suit and deposition transcripts of Illumina witnesses, and Defendants are deposing additional Illumina witnesses. Those BGI Defendants want to provide those notebooks and deposition transcripts to foreign BGI affiliates for use in proceedings abroad, but they can't do so given the protective orders in the actions without Illumina's consent. Illumina said it would consent on the condition that the foreign BGI entities provide Illumina the information that escaped its grasp in 19-mc-80215 because the U.S.-based entities didn't have it.

The foreign entities refused and instead initiated the present 1782 proceeding seeking those

notebooks and transcripts. The Court previously granted the application, and Applicants now move to compel compliance with their subpoena. Illumina presents no arguments under 1782, *Intel*, or the Federal Rules of Civil Procedure that these requests are inappropriate. Rather, Illumina argues that the Court should condition the production on reciprocal discovery, consisting basically of everything the foreign BGI entities have that would have been responsive to the subpoenas in 19-mc-80215, plus some additional materials from the UK. A specific description of the requested reciprocal discovery is set forth in ECF No. 41, Ex. E and reproduced below.

Under the case law, whether to require reciprocal discovery is a matter of discretion. The Supreme Court has held that a district court may condition relief under section 1782 on reciprocal discovery. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004) ("Concerns about maintaining parity among adversaries in litigation likewise do not provide a sound basis for a cross-the-board foreign-discoverability rule. When information is sought by an 'interested person,' a district court could condition relief upon that person's reciprocal exchange of information."). At the same time, it is clear that reciprocal discovery is not always required. *See Application of Malev Hungarian Airlines*, 964 F.2d 97, 101-02 (2d Cir. 1992) ("the district court was mistaken to the extent it believed that granting Malev's request would *necessarily* require the district court to supervise discovery sought by Pratt & Whitney from Malev and it should not have predicated its decision on this belief. The district court was free to grant Malev's request without assuming responsibility for supervising Pratt & Whitney's discovery from Malev.") (emphasis original); *In re Imanagement Servs., Ltd.*, 2005 WL 1959702, *6 (E.D.N.Y. Aug. 16, 2005) ("Grants of discovery under § 1782 are not contingent on the requesting party's acquiescence to reciprocal discovery.").

In this case, Illumina could not obtain the reciprocal discovery it seeks by filing its own 1782 application because everything it seeks is held by entities not found in the United States. Interestingly, there is not a uniform view about whether this favors reciprocal discovery, *see, e.g., Application of Consorcio Minero, S.A. v. Renco Group, Inc.*, 2012 WL 1059916, *4 (S.D.N.Y. March 29, 2012) ("Here, Renco cannot initiate its own Section 1782 action against Cormin because Cormin is a Peruvian company and not found in any district in the United States. This

favors granting a condition of reciprocal discovery."), or cuts against it. *See, e.g., In re Republic of Ecuador*, 2011 WL 736868, *10 (N.D. Cal. Feb. 22, 2011) ("[T]he wide ranging discovery sought against the Applicants would appear to fail the crucible of § 1782, the normal basis for this Court's exercise of jurisdiction in aid of a foreign proceeding. It is not clear that prospective deponents or documents Chevron now seeks are found in this district.").

In any event, the last sentence of section 1782(a) states that document production shall be "in accordance with the Federal Rules of Civil Procedure," 28 U.S.C. § 1782(a), which include the requirements of proportionality, Fed. R. Civ. Proc. 26(b)(1), and avoiding undue burden and expense. Fed. R. Civ. Proc. 26(c)(1). Here, the Court declines to order reciprocal discovery because it is wide-ranging and disproportional to the discovery Applicants seek.

Applicants seek documents Illumina has already produced and transcripts it already possesses in the patent infringement actions pending in this District. It would take Illumina a few minutes to produce those. Illumina's proposed reciprocal discovery, by contrast, seeks:

Technical Documents

1. With regard to Requests 5-13 in Illumina Cambridge's subpoena for documents, documents that respond to each of those requests on a kit-by-kit or model-by-model basis.
2. Documents sufficient to describe the chemical composition and structure of all dNTPs present in the Sequencing Reagent Kits, on a kit-by-kit basis.
3. Documents sufficient to show, for each Sequencing Reagent Kit, on a kit-by-kit basis, whether the kit contains modified nucleotides in which the purine or pyrimidine base is linked to a detectable label via a cleavable linker or a non-cleavable linker, and the chemical composition of the label and the linker.
4. Documents sufficient to show, for each Sequencing Reagent Kit, on a kit-by-kit basis, whether the kit contains a DNA polymerase from Thermococcus sp, and the amino acid sequence thereof.

Commercial Documents

1. For Germany, Denmark, Switzerland, Turkey, Sweden, France, Belgium, Spain, Italy, Finland, and Hong Kong, we request documents sufficient to identify which entity is responsible for the servicing, installation, and parts supply and resupply for BGI Sequencers and Sequencing Reagent Kits in those countries.

2. For Sweden, France, Belgium, Spain, Italy, Finland, and Hong Kong, we request documents responsive to requests 1-3 in the Illumina Cambridge document subpoena.

Technical Deposition

We request the deposition of Dr. Drmanac on technical issues.

Commercial Deposition

1. For Sweden, France, Belgium, Spain, Italy, Finland, and Hong Kong, we request a 30(b)(6) deposition on topics 1-3 in the Illumina Cambridge subpoena.

2. For Germany, Denmark, Switzerland, Turkey, Sweden, France, Belgium, Spain, Italy, Finland, and Hong Kong, we request a 30(b)(6) deposition on the entities responsible for the servicing, installation, and parts supply and resupply for BGI Sequencers and Sequencing Reagent Kits in those countries.

Prior Disclosures

We request production of the PPD served on June 3, 2020 and the responses to the Notice to Admit Facts dated July 20, 2020 and September 11, 2020 given in the UK litigation and the answers to interrogatories given in the US litigation.

The depositions alone – 30(b)(6) depositions for 11 different countries! – swamp the burden on Illumina to produce some notebooks and transcripts that its outside counsel have at their fingertips. Illumina is trying to take a narrow 1782 application and turn it into sweeping global discovery. The Court also shares the policy concern expressed in *Republic of Ecuador* that the

4

purpose of section 1782 is to take discovery of persons who reside or may be found in this district. Accepting that it is possible to order foreign reciprocal discovery, the Court nonetheless is concerned that Illumina's disproportional and burdensome reciprocal discovery would turn this section 1782 proceeding *primarily* into an exercise of foreign discovery of entities that cannot be found here.  Accordingly, "[t]he Court rejects [Illumina's] attempt to shoehorn wide ranging discovery against parties to a foreign proceeding under the guise of 'reciprocal discovery' because it would circumvent to statutory scheme under § 1782 established by Congress."  2011 WL 736868, *10.

The Court therefore orders Illumina to produce existing[1] transcripts that are responsive to document request 1, as well as documents responsive to document request 2, as narrowed by the parties' meet-and-confer.  The motion to seal at ECF No. 40 is granted.

**IT IS SO ORDERED.**

Dated: February 8, 2021

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Illumina objects to a commitment to produce future transcripts without an opportunity to review them first.  At oral argument Illumina gave the example of a future transcript that might reveal a trade secret.  However, Illumina also states in the letter brief that it expects it would agree to produce those transcripts without another subpoena or section 1782 application.  If the parties run into any problems with getting future transcripts, they may raise that issue with the Court in a joint discovery letter brief.